Jamilla Moore (SBN 177733)
Law Office of Jamilla Moore
P.O. Box 583172
Elk Grove, CA 95758
(415) 728-9808

Attorney for Plaintiff
Tony Phat Ngoc Nguyen

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TONY PHAT NGOC NGUYEN | Case No.: CV10-4081 |
| Plaintiff | PLAINTIFF'S OPPOSITIONS TO DEFENDANT WELLS FARGO'S MOTION TO DISMISS AND MOTION TO STRIKE |
| v. | |
| WELLS FARGO BANK, N.A., ALSO KNOWN AS WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.M. AND FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST; EXECUTIVE TRUSTEE SERVICES, LLC, dba ETS SERVICES, LLC; and DOES 1-250, inclusive | October 26, 2010 9:00 a.m. Courtroom E, 15th floor 450 Golden Gate Avenue San Francisco, CA 94102 Hon. Elizabeth D. Laporte |

In the interest of conserving the time and resources of the Court, Plaintiff Tony Phat Ngoc Nguyen (hereinafter "Plaintiff") respectfully submits a consolidated objection to Defendant Wells Fargo's (hereinafter "Defendant") "Motion to Dismiss Complaint" and "Motion to Strike Portions of the Complaint." By timely filing this Objection in accord with the rules of this Court, Plaintiff has not waived any of the factual assertions and legal arguments raised in his previously filed motion for remand to the Contra Costa County Superior Court and motion for sanctions.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## I.      DEFENDANTS' PREEMPTION ARGUMENT FAILS

Defendants' claim that all of Plaintiff's causes of action – each and every one a California state law claim – are preempted by the federal Home Owners' Loan Act (HOLA).  (Motion, pp. 3-4.)  However, none of the California statutes cited in Plaintiff's Complaint purport to "regulate or otherwise affect" a national bank's "credit activities" (12 C.F.R. § 560.2(a)), nor do they direct banks to extend credit, loan modifications or forbearances or mandate a particular means to accomplish the required pre-foreclosure notification and due diligence.  (See *Mabry v. Superior Court of Orange County*, 185 Cal.App.4th 208, 231 (2010) [" Given the traditional state control over mortgage foreclosure laws, it is logical to conclude that if the Office of Thrift Supervision wanted to include foreclosure as within the preempted category of loan servicing, it would have been explicit. Nothing prevented the office from simply adding the words "foreclosure of" to section 560.2(b)(10)."]

For example, Civil Code section 2923.5 merely requires that banks and other lenders engage in certain pre-default communications with at-risk borrowers, undertake due diligence in contacting borrowers, and record a declaration documenting their actions.  Consequently, it does not undercut the Department of the Treasury's regulatory control over  "processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" or "laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents." (12 C.F.R. § 560.2 (b)(9), (10).)

Additionally, in accord with 12 C.F.R. § 560.2 (c)(2),(6), section 2923.5 is not preempted because it is a real property law that furthers a vital state interest and "has

only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of [section 560.2]."  (See *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1487-1488 (2006) [California's Unfair Competition Law (Bus. & Prof.Code, § 17200 et seq.) not preempted by HOLA because "the duties imposed under the UCL 'are not "lending regulations" and they do not purport to govern the manner in which ... [a] federal savings association runs its business.' [citation omitted]."]; *Hussey-Head v. World Savings & Loan Assn.*, 111 Cal.App.4th 773, 782 (2003).)

Defendant's motion to dismiss should be denied.

**II.    PLAINTIFF'S CAUSES OF ACTION FOR WRONGFUL FORECLOSURE AND QUIET TITLE ALLEGE SUFFICIENT FACTS AND LAW TO CHALLENGE THE VALIDITY OF THE ORIGINAL SALE, THE SUBSEQUENT TRANSFERS OF THE DEED OF TRUST AND PROMISSORY NOTE, AND THE NON-JUDICIAL FORECLOSURE**

Contrary to Defendant's claims (Motion, pp. 5-6) neither World Savings Bank, FSB nor Wachovia Mortgage, FSB nor Defendants nor any other form of any of those entities at any point made a legally valid assignment of the rights of the original promissory note or deed of trust to any purported successor.

Defendants seek to undermine long-standing principles of real property law, such as the requirement that any person or entity who seeks to foreclose upon a parcel of real property: (1) be in possession of the original note, (2) have a publicly recorded mortage in the name of the party for whom the underlying debt is actually owed and who is the holder of the original promissory note  with legally binding assignments, and (3) possess a written assignment giving he, she or it actual rights to the payments due from the borrower pursuant to both the mortgage and note. Under California law, for there to be a valid assignment, there has to be more than just assignment of the deed alone; the note has to also be assigned. (California Civil Code §§ 2932.5 and

2936.)   As of the as yet undetermined date on which Plaintiff's mortgage promissory note for the Subject Property was illegally severed from Plaintiff's deed of trust – due to all and each Defendants' legally inadequate purported assignments and/or securitized transfers of interest, the original mortgage promissory note was rendered non-negotiable.   (*Kelly v. Upshaw*, 39 Cal.2d 171 (1952).)   The obligations reflected by the note allegedly secured by the mortgage have been satisfied in whole or in part because the investors who furnished the funding for these loans have been paid to the degree that extinguishment of the debts has occurred with the result that there exists no obligations on which to base any foreclosure on the subject property.

Under the California statutory and common law, the deed of trust alone is merely incidental to the debt represented by the mortgage promissory note – the transfer of the incidental Deed of Trust does not transfer the rights or obligations of the mortgage debt.  Because the promissory note *together* with the deed of trust were not assigned in accord with California law at any point in the chain of transactions between each and all Defendants, no power of sale was conveyed with the note at the time of any of the purported assignments and *no* Defendant has a lawful security interest in the subject property.  (Code Civ. Pro. § 1084; Civil Code §§ 1624, 2932.5 and 2936; Uniform Commercial Code §§ 3301, 3309; *Pribus v. Bush*, 118 Cal.App.3d 1003 (1981); *Cockerell v. Title Ins. & Trust Co.*, 42 Cal.2d 284, 287-293 (1954); *Neptune Society Corp. v. Longanecker*, 194 Cal.App.3d 1233, 1241-1243 (1987).)  Consequently, no Defendant can lawfully exercise the power of sale purportedly appurtenant to the promissory note and deed of trust absent such lawful acknowledgment and recording; and none of the Defendants are entitled to foreclose on the subject property.

Further, California Commercial Code section 3301 provides that the phrase "person entitled to enforce" an instrument means (a) the holder of the instrument, (b) a

non holder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 3309 or subdivision (d) of section 3418.   Although a person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument, Defendants must produce an authentic copy of the original promissory note, signed in "wet ink,"  that identifies the holder.

In addition, Defendant claims that Plaintiff is not entitled to challenge the foreclosure in equity until he tenders the full amount due under the loan obligation. (Motion, p. 6.)  However, Defendant misstates both the law and the allegations in Plaintiff's complaint.

Plaintiff asserts that the original note is void ab initio, not voidable.  Thus, the holding of *Dimock v. Emerald Properties*, 81 Cal.App.4th 868, 878 (2000), applies: "Because there was no recital in the Commonwealth deed to Emerald which undermined the Calmco substitution, the deed to Emerald did not create any conclusive presumption that Commonwealth continued to act as trustee. Accordingly, in attacking the Commonwealth deed Dimock was not required to rely upon equity in setting aside a merely voidable deed.  See also *Little v. CFS Service Corp.* (1987) 188 Cal.App.3d 1354, 1358-1359).  Rather, he could rely on the face of the record to show that the Commonwealth deed was void."  (*Id.* [emphasis added].)

Defendant's motion to dismiss should be denied.

### III.    PLAINTIFF'S CALIFORNIA CIVIL CODE SECTION 2923.5 CLAIM SHOULD BE ALLOWED TO PROCEED

Contrary to Defendant's argument (Motion, pp. 6-7), the holding of *Mabry v. Superior Court of Orange County* (2010) 185 Cal.App.4th 208, is not yet dispositive on any issue for which it is now cited.  The *Mabry* case is not yet final – a petition for

review was filed on July 13, 2010 (2010 WL 326625) – and the California Supreme Court has not yet spoken on any issue discussed in *Mabry*.

     *Mabry* is likely to fall, because its rationale runs contrary to longstanding California law and public policies governing bona fide purchasers.  A bona fide purchaser is defined to be "one who buys property of another without notice that some third person has a right to, or interest in, such property, and pays a full and fair price for the same at the time of such purchase, or before he has notice of the claim or interest of such other in the property." (*Wood v. American Nat. Bank*, 125 Cal.App. 248 (1932).)  It is well established that a bona fide purchaser for value who acquires his interest in real property without notice of another's asserted rights in the property takes the property free of such unknown rights. (*Hochstein v. Romero*, 219 Cal.App.3d 447, 451-452 (1990).)  It is an equally well-established principle of law that any purchaser of real property acquires the property subject to prior interests of which he or she has actual or constructive notice.  (*In re Marriage of Cloney*, 91 Cal.App.4th 429, 438 (2001).)  As the Court of Appeal noted in *Triple A Management Co. v. Frisone*, 69 Cal.App.4th 520, 530- 531 (1999), "[a] lender is not entitled to ignore information that comes to him from outside the recorded chain of title, to the extent such information puts him on notice of information that reasonably brings into question the state of title reflected in the recorded chain of title."

     In *Mabry*, the Court of Appeal relied upon *Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238.   But, even in *Melendrez*, the Court noted that "a BFP is one who pays value for the property without notice of any adverse interest or of *any irregularity in the sale proceedings*." (127 Cal.App.4th at p. 1250. [emphasis added].) If a notice of default is defective it cannot be the basis of a subsequent non-judicial foreclosure sale.

     Defendant's motion to dismiss should be denied.

## IV.    PLAINTIFF'S FRAUD, CIVIL CONSPIRACY AND CONVERSION CAUSES OF ACTION ARE SUFFICIENTLY PLED

Fraud is committed when there is a knowing and intentionally false representation made to induce a plaintiffs to reasonably rely thereon, and there is resulting harm from that reliance.  (*Vega v. Jones, Day, Reavis & Pogue*, 121 Cal.App.4th 282, 292 (2004).)  Fraud and misrepresentation may also involve concealment or the suppression of information that should have been revealed. (*Agnew v. Cronin*, 148 Cal.App.2d 117, 129-130 (1957).)  In particular, when a party possesses superior knowledge or special information or expertise regarding a subject matter (e.g., a mortgage loan transaction), a defendant's representation may be treated as one of material fact.  (*Id.*)

While the existence of a legal duty is generally a question of law, this question becomes one of fact when existence of the duty depends on the foreseeability of harm to the plaintiffs.  In such cases, the court cannot resolve the existence of legal duty on demurrer and must submit the issue to the trier of fact.  (*Richards v. Stanley*, 43 Cal.2d 60, 66-67 (1954).)  Even if there is no legal duty of disclosure, one who speaks must speak the whole truth without omitting facts that make the statement misleading. (*Doran v. Milland Development Co.*, 159 Cal.App.2d 322, 324 (1958).)  And, a plaintiff can prove fraud with circumstantial evidence.  (See *Boyd v. Bevilacqua*, 247 Cal.App.2d 272, 291 (1966); *Snyder v. City Bond & Finance Co.*, 106 Cal.App. 745, 748 (1930).)

Defendant's objections to Plaintiff's cause of action for conversion suggest that they have no obligation to prove that they have been putting his monthly payments to the purpose for which they agree the money is intended – towards the obligation he incurred under his residential loan. As is his right under California law (see  *Moore v.*

*Regents of University of California*, 51 Cal.3d 120, 144 fn. 38 (1990); *Burlesci v. Peterson*, 68 Cal.App.4th 1062, 1066 (1998)), Plaintiff now demands that his account be properly credited when he makes his monthly payments going forward, and that he receive an explanation for and correction of the unexplained conversions Defendants have been making since the inception of the loan.

Here, much of the evidence underlying Plaintiff's cause of action – including but not limited to Defendants' internal policies and procedures regarding disclosures and due diligence vis a vis loan origination, the formation and operation of the conspiracy, Plaintiff's payment records – is found in the corporate records and internal and external communications of the Defendants.  Plaintiff asks the Court to allow him to use the discovery process to force Defendants to disclose the purportedly missing material facts under their exclusive control.

Plaintiff's fraud, civil conspiracy and conversion causes of action have been sufficiently pled.  Defendant's motion to dismiss should be denied.

## V.   PLAINTIFF HAS SUFFICIENTLY PLED HIS CAUSE OF ACTION FOR UNCONSCIONABILITY

Plaintiff has pled facts showing that a complex, boilerplate contract was thrust upon him with no opportunity to negotiate, thus his unconscionablity claim is sufficiently pled:

"In *A & M Produce Co. v. FMC Corp.* (1982) 135 Cal.App.3d 473[ ], the court outlined an analytic framework for determining whether a particular contractual provision is unconscionable, explaining that unconscionability has both a procedural and a substantive element. (*Id.* at p. 486.) The procedural element focuses on 'oppression' or 'surprise.' (*Id.* at pp. 486, 491.) Oppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice. *Surprise involves the extent to which the supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to enforce them.* (*Id.* at p. 486.) The substantive element has to do with the *effects of the contractual terms and whether they are overly harsh or one-sided.*" (*Flores v. Transamerica HomeFirst, Inc.* (2001) 93 Cal.App.4th 846, 852-853.)   And, analysis of procedural unconscionability "begins with an inquiry into whether the contract was a contract of adhesion – i.e., a standardized contract, imposed upon the subscribing party without an opportunity to negotiate the terms. [Citations.] A finding of a contract of adhesion is essentially a finding of procedural unconscionability." [emphasis added]

A contract of adhesion is procedurally unconscionable, but enforceability turns on whether the agreement is substantively unconscionable as well.  (*Marin Storage & Trucking, Inc. v. Benco Contracting & Engineering, Inc.*, 89 Cal.App.4th 1042, 1052, 1054 (2001); *Graham v. Scissor-Tail, Inc.*, 28 Cal.3d 807, 819-820 (1981).)  The reviewing court must consider whether the challenged provision "reallocates risks in an objectively unreasonable or unexpected manner."  (*Jones v. Wells Fargo Bank*, 112 Cal.App.4th 1527, 1539 (2003).)

## VI.   PLAINTIFF'S EIGHTH CAUSE OF ACTION FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES (BUS. & PROF. CODE §17200) IS SUFFICIENTLY PLED

As set forth in the First Amended Complaint and herein,  Plaintiff has alleged sufficient facts showing that, among other things, Defendants engaged in unfair and deceptive business and debt collection practices by wrongfully instituted foreclosure proceedings against him, engaged in fraud at the inception of the promissory note and deed of trust contracts, and served Plaintiff with a notice of trustee's sale despite the fact that, due to improper substitutions and assignments regarding the loan and deed documents, they had no right to foreclosure on the subject property.  Their acts caused and will cause Plaintiff to lose both money and property.  These factual allegations are sufficient foundation for Plaintiff's eighth cause of action.

## VII.   PLAINTIFF'S CAUSES OF ACTION FOR INJUNCTIVE AND DECLARATORY RELIEF ARE PROPERLY PLED, BASED UPON PROPER GROUNDS AND PERMITTED UNDER LAW

An injunction may be granted when it appears from the complaint or affidavits that the commission or continuance of some act during the litigation would produce great or irreparable injury to a party in the action. (Code Civ. Pro. § 526(2); *Dingley v. Buckner*, 111 Cal.App. 182, 183-184 (1909); *Smith v. Smith*, 49 Cal.App.2d 716, 718-719 (1942).)  An injunction may be granted when pecuniary compensation would not afford adequate relief or where it would be extremely difficult to ascertain the amount

of compensation which would afford adequate relief. (Code Civ. Pro. §526, subds.
(4),(5); *Union Oil Co. v. Domengeaux,* 30 Cal.App.2d 266, 270-271 (1939); see also
Civ. Code §3387 [a person's property is so unique monetary damages cannot
adequately compensate for its loss].)

A trial court must evaluate two factors to determine whether it should issue a
preliminary injunction: (1) the likelihood that the plaintiff(s) will prevail on the merits
at trial, and (2) the balance between the interim harm to the plaintiff(s) if the injunction
is denied and the harm to the defendant(s) if the injunction is issued. (*Dodge, Warren
& Peters Insurance Services, Inc. v. Riley*, 105 Cal. App. 4th 1414, 1418 (2003).)   The
more likely that the plaintiff(s) will ultimately prevail, the less severe the harm that
must be shown, especially when the injunction maintains, rather than alters, the status
quo. (*King v. Meese*, 43 Cal.3d 1217, 1227 (1987).)  Here, Plaintiff has a strong
likelihood of prevailing on the merits of his claims – in particular, Defendants cannot
show that the mortgage notes or deeds or trust for Plaintiff's property were transferred
and/or assigned in accord with the controlling California statutes.  Plaintiff has and
will continue to suffer financial loss from damage to his credit history. In this case, the
irreparable harm that the Plaintiff will suffer is obvious and enormous. He will be
evicted from their home and real property, and incur the costs and emotional distress of
finding a new residence and repairing his credit history.  Undeniably, the Plaintiff will
suffer severe damages.

A trial court should grant a permanent injunction when (1) pecuniary
compensation would not afford adequate relief; (2) it would be extremely difficult to
ascertain the amount of compensation that would afford adequate relief; and (3) the
restraint is necessary to prevent a multiplicity of judicial proceedings. (Civ.Code §
3422, subds. (1), (2), (3)).  Here, the hardship to the Plaintiff – the possibility of losing
his home and property – represents irreparable injury, thus decreasing the quantum of

1   possibility that must be shown.  (*Demarest v. Quick Loan Fund, Inc.*, (C.D. Cal. April

2   6, 2009) 2009 WL 940377.)

3

4   **VII.   DEFENDANT IS NOT JUDICIALLY ESTOPPED FROM
         PROSECTING THIS LAWSUIT**

5       Defendant argues that this case is judicially estopped from prosecuting this

6   lawsuit because, prior to discharge of his debts on August 17, 2010 , Plaintiff failed to

7   amend his bankruptcy petition schedules to claim his home as an asset and/or declare

8   that the nature and value of the mortgage debt was in dispute.  (Motion, pp. 14-15,

9   referring to United States Bankruptcy Court for the Northern District of California case

10  number 10-45462.)

11      Although Plaintiff has been represented by bankruptcy counsel (not the

12  undersigned) since the day he filed his petition, and still has counsel of record for the

13  bankruptcy case.  Nevertheless, on the day before his long-scheduled discharge, he had

14  to file – in pro per – his own adversary petition in the Bankruptcy Court.  However, as

15  noted by Defendant, the associated petition schedules have not yet been amended.

16  `       Plaintiff still can to take the required actions in Bankruptcy Court to amend his

17   petition schedules and advance his adversary case.  As of the date of this filing,

18  Plaintiff's bankruptcy case remains open.  (See Defendant's Motion to Dismiss,

19  Exhibit L, electronic docket report for case number 10-45462.)  Under Bankruptcy

20  Rule 1009(a), a voluntary petition, list or schedule may be amended by the debtor as a

21  matter of course any time before the case is closed."  (*In re Magallanes*, 96 B.R. 253,

22  255 (9th Cir. BAP 1988)).

23      Because Plaintiff's bankruptcy case is still open, his request to amend the

24  above-referenced petition schedules unless, in the Bankruptcy Court, Defendants can

25  demonstrate either bad faith or prejudice to third parties. (*Id.* at 256 ["Amendments are

26  and should be liberally allowed at any time absent a showing of bad faith or prejudice

27

28

to third parties."]; see also *In re Arnold*, 252 B.R. 778, 784 (9th Cir. BAP 2000) [explaining that bad faith and prejudice must be shown, at a minimum, by preponderance of the evidence, and potentially by clear and convincing evidence]; *In re Myatt*, 101 B.R. 197, 200 (Bankr.E.D.Cal.1989) (holding that a debtor could amend his bankruptcy schedule even after receiving a discharge because the defendants had demonstrated neither bad faith nor prejudice).

Plaintiff has time and opportunity to amend his bankruptcy petition schedules and Defendants have provided no evidence that Plaintiff acted in bad faith in failing to correcting his bankruptcy schedules prior to discharge.  Plaintiff asks this Court to grant him leave to amend his Complaint after he has corrected his bankruptcy petition schedules.  Defendant's motion to dismiss should be denied.

## VIII.        CONCLUSION

For the foregoing reasons, should the case not be remanded to the Contra Costa County Superior Court, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.  Alternatively, should the case not be remanded, Plaintiff requests that the Court grant him leave to amend his Complaint to cure any pleading deficiencies identified by the Court.

//

//

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
PORTIONS OF THE COMPLAINT**

**The Motion to Strike Should Be Denied** – **Plaintiff Has Adequately Pleaded Punitive Damages as a Remedy in this Matter**

In passing on the correctness of a ruling on a motion to strike, the Court reads allegations of a pleading subject to a motion to strike as a whole, all parts in their context, and assume their truth.(*Courtesy Ambulance Service v. Superior Court*, 8 Cal.App.4th 1504, 1519 (1992); *Dawes v. Superior Court*, 111 Cal.App.3d 82, 91 (1980); California Judges Benchbook, <u>Civil Proceedings Before Trial</u>, 1§2.94, p.611 (1995).)

Plaintiff's Complaint alleges that the Defendants committed fraud.  Civil Code §3294 states, "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant. . . . "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."  That alone, properly pleaded, is sufficient for Plaintiffs to seek punitive damages as a remedy. For intentional tort causes of action, an allegation that Defendants acted "intentionally" or "willfully," without any further facts, is sufficient to state a claim for punitive damages under Civil Code section 3294.  (*G.D. Searle & Co. v. Superior Court*, 49 Cal.App.3d 22, 29 (1975); see also *Kiseskey v.Carpenters′ Trust for So. Calif.*, 144 Cal.App.3d 222, 228 (1983) [complaint including prayer for punitive damages upheld even if facts not clearly stated or intermingled with immaterial or irrelevant facts].)  The essential element of an intentional tort claim is the intentional conduct of a defendant that is likely to cause injury – no showing of "despicable conduct" is required.  (Civ.C. § 3294(c)(1); *George H. Hillenbrand, Inc. v.*

*Ins. Co. of No. America* , 104 Cal.App.4th 784, 816 (2002).)

Moreover, "an act of oppression, fraud or malice, by an officer, director or managing agent, is sufficient to impose liability on a corporate employer for punitive damages, without any additional showing of ratification by the employer." (*Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 420 (1994).

For the foregoing reasons, Plaintiff respectfully asks the Court to deny Defendant's motion to strike in its entirety, or grant him leave to amend his punitive damages allegations.

<h1 style="text-align:center">CONCLUSION</h1>

For all of the foregoing reasons, Plaintiff respectfully requests that the court overrule Defendant's Motion to Dismiss and Motion to Strike.  Alternatively, should the Court deny Plaintiff's motion to remand the case to the State of California, Superior Court of Contra Costs County, Plaintiff requests that the Court grant him leave to amend his Complaint to cure any pleading deficiencies identified by the Court.

Dated: October 5, 2010          ___/s/   Jamilla Moore   /s/___
                                JAMILLA MOORE
                                jmoorelawoffice@gmail.com
                                Counsel for Plaintiff