IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TONY PHAT NGOC NGUYEN,

    Plaintiff,

v.

WELLS FARGO BANK, N.A. et al.,

    Defendants.

No. C-10-4081-EDL

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AWARD OF COSTS AND FEES**

Following the Court's dismissal of all of Plaintiff's claims with prejudice, Defendant Wells Fargo has filed a motion for an award of $23,872.50 in costs and fees pursuant to the loan documents. For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.

**I.  Background**

On August 6, 2010, Plaintiff Tony Phat Ngoc Nguyen filed a complaint in Contra Costa County Superior Court against Defendants Wells Fargo Bank, N.A. (also known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A.M. and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB) ("Wells Fargo") and Executive Trustee Services, LLC ("ETS") alleging wrongful foreclosure, violation of California Civil Code § 2923.5 and 2924, fraudulent misrepresentation, fraudulent concealment, conspiracy to defraud, unconscionability, quiet title, violation of California Business & Professions Code § 17200, conversion, and declaratory and injunctive relief. These ten claims alleged three basic categories of wrongdoing: improprieties in the beneficiary and trustee assignments and/or substitutions (claims 1, 7, 8, 9, 10), failure to comply with California's pre-foreclosure statutory requirements (claims 2, 5,

8, 9, 10), and improprieties and misrepresentations during the origination of Plaintiff's mortgage (claims 3, 4, 5 6, 8, 9, 10).

Wells Fargo filed a notice of removal to federal court on September 10, 2010 based on diversity jurisdiction, and ETS consented to and joined in the removal. Thereafter, Wells Fargo filed a motion to dismiss all claims and to strike the punitive damages and other allegations and Plaintiff filed a motion to remand and motion for sanctions. The Court denied Plaintiff's motion to remand and motion for sanctions, granted Defendant's motion to dismiss all of the claims in the complaint, and denied Defendant's motion to strike as moot. Defendant now moves for an award of all costs and fees incurred in litigating the action through dismissal.[1]

## II. Analysis

### A. An Award Costs and Fees Is Appropriate

Defendant relies on two provisions in the loan documents at issue in the Complaint to justify its request for all of its fees incurred in connection with this action. Specifically, the Adjustable Rate Mortgage Note signed by Plaintiff provides:

> **7(E) Payment of Lender's Costs and Expenses**
> The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

RJN Ex. A at 4. Additionally, the Deed of Trust signed by Plaintiff provides:

> **28. Rights of the Lender if There is a Breach of Duty**
> It will be called a 'Breach of Duty' if (I) do not pay the full amount of each monthly payment on the date it is due or (ii) I fail to perform any of my promises or agreements under the Note or this Security Agreement . . . If there is a Breach of Duty by me, lender may take action to have the Property sold under any applicable law . . ."

RJN Ex. B at ¶ 28.

Defendant contends that, when Plaintiff failed to pay the amount due each month, it took steps

---

[1] In support of its fee motion, Wells Fargo filed a request for judicial notice of the Adjustable Rate Mortgage Note and Deed of Trust which are the subject of Plaintiff's complaint. See Wells Fargo's RJN. Exs. A-B. The Court may take judicial notice of documents referred to by the complaint if they are authentic and central to plaintiff's claim. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). In support of its reply, Wells Fargo filed a request for judicial notice of Plaintiff's state court complaint, recently filed after this Court dismissed all of Plaintiff's claims. This complaint is a publicly available document which the Court may judicially notice. Plaintiff does not dispute that any of these documents are authentic, and the Court takes judicial notice of these documents.

2

to initiate a foreclosure sale of the property pursuant to paragraph 28, which is what prompted Plaintiff's lawsuit to prevent Wells Fargo from enforcing the Note by enjoining the foreclosure sale, rescinding the Note and canceling the Deed of Trust. According to Wells Fargo, Plaintiff's entire lawsuit and all of the resulting costs and fees thus fall squarely within the contractual clause allowing fees in any action to "enforce the Note." In support of its motion, Defendant has submitted the declaration of attorney Mark T. Flewelling attesting to fees of $23,872.50, as well time records for Mr. Flewelling and other members of his firm who worked on this matter as of October, 2010. Together these documents detail the number of hours billed, the nature of the services rendered, and the hourly rate and qualifications of each attorney and paralegal who worked on the matter since it was filed.

California law governs Defendants' right to recover fees pursuant to an underlying contract. See Berkla v. Corel Corp., 302 F.3d 909, 919 n.11 (9th Cir. 2002). California Civil Code § 1717 provides:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.
>
> . . .
>
> Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.
>
> . . .
>
> (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

The parties do not dispute that Wells Fargo is the prevailing party here, as Plaintiff's motion to remand and motion for sanctions were denied and Defendant's motion to dismiss was granted in full. However, Plaintiff argues that the contract makes any fee award discretionary, not mandatory, because it states that expenses "*may* include, for example, reasonable attorneys' fees and court costs," and equity weighs against an award due to "the parties' respective financial wealth and

3

emotional/psychological attachment to the home at issue herein." Opp. at 4. However, the better interpretation of the fee provision is that litigation fees and costs will included among the expenses that Plaintiff is required to pay back for enforcement of the Note if they are incurred, but that other expenses are also contemplated.

### B. Reasonable Costs and Fees

#### 1. All of Plaintiff's claims are "on the contract" or inextricably intertwined

Defendant argues that Plaintiff's claims are either "on the contract" or intertwined with his contract claims, so contractual attorney's fees are appropriate on all of them. See Abdullah v. United Savings Bank, 43 Cal. App. 4th 1101, 1111 (1996) ("For example, the holder of a note which provides for payment of fees incurred to collect the balance due is entitled to fees incurred in defending itself against 'interrelated' allegations of fraud."); Bonner v. Redwood Mortgage Corp., 2010 U.S. Dist. LEXIS 69625, *7-8 (N.D. Cal. 2010) (awarding fees on fraudulent misrepresentation, unjust enrichment, conspiracy, quiet title, § 17200, usury, predatory lending, privacy and emotional distress claims "[g]iven their significant relation to the parties' mortgage contract") (Rivera v. Wachovia Bank, 2009 U.S. Dist. LEXIS 98809 (S.D. Cal. 2009) (mortgage case awarding fees on claims for declaratory relief, fraud, breach of covenant, breach of contract, quiet title, unfair business practices and conspiracy because they were all "either based directly on the contract, require predicate acts based on the contract, or relate to the formation of the contract"); but see Diamond v. John Martin Co., 753 F.2d 1465 (9th Cir. 1985) (upholding segregation of fees for contract claim under California law because "where cause of action based on contract providing for attorney' fees is joined with other causes of action beyond the contract, the prevailing party may recover fees under section 1717 only as they relate to the contract action," but noting that fees need not be apportioned when incurred for common issues). Plaintiff counters that his fraud and other non-contract claims are separable from the contract claims and no costs or fees should be awarded for these claims. He contends that his fraud and § 17200 claims are predatory lending claims that are not intertwined with enforcement of the Note and Deed of Trust.

However, Wells Fargo has persuasively demonstrated that all of Plaintiff's claims directly relate to Wells Fargo's enforcement of the Note through foreclosure. See Reply at 3-5. For

example, Plaintiff concedes that three claims are "on the contract," and all of the other claims incorporate the allegations supporting the contract claims by reference. See Compl. ¶¶ 21, 30, 39, 52, 56, 68, 80, 84, 89, 92). Further, Plaintiff sought rescission of the loan and cancellation of the note and deed of trust, as well as an injunction against foreclosure, without tethering these contract-related remedies to a particular claim. See Prayer ¶¶ 7, 12. All of Plaintiff's claims are inextricably intertwined with the contract claims and fees need not be apportioned claim by claim.

### 2. Reasonableness of the costs and fees sought

In calculating reasonable attorney fees, courts consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases. LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1339 (9th Cir.1986). In order to determine what rate is "reasonable," courts look at "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984); Davis v. City of San Francisco, 976 F.2d 1536, 1545 (9th Cir. 1992) (a reasonable hourly rate should be determined "by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity").

Without specifically addressing the LaFarge factors, Wells Fargo's motion argues that the fees sought are reasonable in light of prevailing market rates in the relevant community for similar work. In support, Wells Fargo has submitted the declaration of Mark Flewelling detailing the qualifications and rates for each individual in his firm who worked on the case, as well as the detailed billing records for the case showing the fees and costs incurred by Wells Fargo. See Flewelling Decl. In support of the rates, Defendant cites Phillips v. IMS Loans, Inc., 2010 U.S. Dist. LEXIS 107865, which approved the rate of $320 per hour for Mr. Flewelling as reflecting "the prevailing rate for similar work in the relevant legal community of Sacramento in the Eastern District of California."

5

Plaintiff does not contest the reasonableness of the attorneys' or paralegals' hourly rates and they appear to be reasonable for the San Francisco area.

Instead, Plaintiff challenges the reasonableness of the time that Wells Fargo's counsel spent on the action. Plaintiff contends that the issues raised by his claims and his motions to remand and for sanctions were straightforward, and that Defendant has significant experience defending against similar mortgage cases involving the same issues, so the time spent should be reduced by some unspecified amount. Defendant counters that Plaintiff's efforts to downplay the complexity of this case is belied by his own allegations in support of his motion for sanctions in connection with his remand motion, where he argued for "substantial" fees for 12 hours of work on the remand motion. Further, Defendant contends that this case had its own wrinkles, in light of Plaintiff's remand and sanctions motions, including Plaintiff's bankruptcy filing which led to a judicial estoppel argument in favor of dismissal.

In Rivera v. Wachovia Bank, 2009 WL 3423743, *3 (S.D. Cal. 2009), the court granted a fee motion in a mortgage case but reduced the amount of fees by almost half (to $19,055) because:

> The time and labor required to defend the matter were not great, nor were the legal questions novel or difficult. The case was resolved on a motion to dismiss, before Wachovia prepared an answer or conducted discovery. As a mortgage provider, Wachovia has undoubtedly defended similar cases in the past. Federal preemption provided a single, overarching defense that mitigated the need for in-depth analysis of each cause of action. And although not inconsequential, the amount in controversy was also not great. On these facts, it is unclear why Wachovia required the services of so many experienced and highly-credentialed attorneys. While the experience, reputation, and ability of the attorneys is not questioned, it seems that these attorneys had an overabundance of skill and experience necessary to perform the legal services properly.

Id. at *3.

Similar to Rivera, this case was entirely disposed of on the bases of preemption and estoppel on a motion to dismiss without the need for discovery or an answer, although here Wells Fargo was also forced to defend against a meritless remand and sanctions motion. However, Wells Fargo points out that despite the Rivera court's reduction of fees, it approved 60 hours of attorney time for two (apparently unopposed) motions to dismiss – more than the amount of time Wells Fargo spent in this case on the motion to dismiss, motion to strike and reply briefs (Wells Fargo's counsel spent 79 hours of attorney time on the matter in total). Further, Wells Fargo contends that the court in

6

Bonner, an apparently generic mortgage case decided on a motion to dismiss without reference to remand or sanctions motions or a bankrupcy filing, the court was prepared to award $30,000 or more in fees. See Bonner, 2010 U.S. Dist. LEXIS 69625 at *16 (court did not specify amount of hours it was approving).

The Court concludes that a modest reduction in fees is warranted. This case was staffed by two attorneys with approximately 30 years of experience each (Mr. Flewelling and Ms. Eliot), an attorney with seven years of experience (Mr. Wu), a legal assistant and a paralegal. Mr. Flewelling devoted 18.3 hours of his time to the case, Ms. Eliot devoted 53 hours, and Mr. Wu devoted 7.7 hours. Some of Mr. Flewelling's time was spent reviewing Ms. Eliot's work, which appears to have been somewhat duplicative given Ms. Eliot's extensive litigation experience. Further, some of the work by Ms. Eliot on the motion to dismiss appears to be work that could have been done by someone more junior. Thus, the Court hereby discounts the two senior attorneys' time on the motion to dismiss by one-third. Ms. Eliot spent 40.9 hours on the motion to dismiss at a rate of $300 for a total of $12,270, and this amount is reduced by $4,090. Mr. Flewelling spent 4.5 hours reviewing Ms. Eliot's work at a rate of $320 for a total of $1,440, and this amount is reduced by $480.

For all of the foregoing reasons, Wells Fargo's motion for an award of costs and fees is GRANTED IN PART AND DENIED IN PART. Wells Fargo is entitled to an award of $19,302.50 in costs and fees.

**IT IS SO ORDERED.**

Dated: January 3, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge